RECEIVED
NOV 3 0 2020
CLERK U.S. DISTRICT CLERK
WESTERN DISTRICT
BY_____ DEPUTY

FILED
NOV 3 0 2020
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

UNITED STATES DISTRICT COURT OF TEXAS
WESTERN DISTRICT OF TEXAS AT AUSTIN TEXAS
_____X

ANN ZHAI,

    PLAINTIFF,

-vs-

WHOLE FOODS MARKET, INC.,

    DEFENDANT.
_____X

(JURY TRIAL DEMANDED BY PLAINTIFF)

VERIFIED COMPLAINT

1:20CV1179 RP

## THE SUBJECT MATTER JURISDICTION IS BASED ON UNITED STATES CONSTITUTION ARTICLE III SECTION II AND PURSUANT TO 28 U.S.C. §§1331 & 1332

1,    This subject matter is about premises liability and personal injury damages. This case was filed in Federal court based on United States Constitution Article III Section II:

"The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;--to all Cases affecting Ambassadors, other public Ministers and Consuls;--to all Cases of admiralty and maritime Jurisdiction;--to Controversies to which the United States shall be a Party;--to Controversies between two or more States;--between a State and Citizens of another State;--between Citizens of different States;--between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects......".

2.    The first issue is the Laws of United States pursuant to 28 U.S.C. §1331. This matter was occurred inside of Whole Foods Market in Brookhaven Village, Georgia

12/03/2018, shortly after plaintiff arrived Atlanta from California after being informed that Center for Disease Control and Prevention (CDC) and adjacent Emory University would have collection of toxicology on gasoline fuel additives injuries to human and public health data. A pre-dated subject matter subjected plaintiff to motor oil and gasoline fuels additives poisoning from 11/2016 to 7/2018. The causation of poisoning is through tampering the consumer mobile source and the manner of poisoning was inhalation and cutaneous exposure. United States Laws preempt State law in the subject matter. Federal courts have original and exclusive subject matter jurisdiction over Federal agencies which have exclusive legal authority pursuant to Congressional intent to grant gasoline fuel additives certificate waivers and patent rights and marketing rights. Federal agencies are United States Environmental Protection Agency (EPA) and United States Patent and Trademark Office (USPTO) and Department of Justice (DOJ). Newmarket Corporation, formerly known as Ethyl Corporation and United States of America were named as co-defendants in the predated subject matter. The unity of consumer mobile source and gasoline fuel additives requires Federal jurisdiction over pre-dated subject matter.

3. The pre-dated subject matter was the first case in Federal jurisdiction to challenge the mineral based gasoline fuel additives certificate waivers and marketing rights granted by EPA and USPTO and DOJ to Ethyl Corporation since 1995. Plaintiff uncovered the fraud and deceit of Ethyl Corporation from discovery of public documents in EPA and USPTO which has sustained her personal injuries and public health crisis. From the history of mineral based fuel additives waiver application to 1995, Ethyl Corporation has used fraud and deceit to waive the subject matter jurisdiction in order to

obtain fuel additives certificate waivers and Department of Justice in 1995 has done nothing about it, although Congress has passed legislature to protect public health and the environment. There were proposed bills to give immunity to gasoline fuel and fuel additives industry, but they have never been passed in Congress, due to ongoing oxygenated fuel additives litigation. Mineral based fuel additives however, have never been challenged in court. To aid this court for potential legal questions in regard to adjudication of this subject matter "relevant and material" to the issue of damages, plaintiff incorporates "in re Ethyl Corporation's liability" in predated personal injury case to demonstrate the scope of United States Laws and Federal Subject Matter Jurisdiction (please see attachment I & II).

    4.    The predated subject matter was toxic tort. The liability of this subject matter is negligence and premises liability. After arrival to Atlanta, Georgia, plaintiff has come to Whole Foods Market at Brookhaven Village almost daily for lunch. The photographic floor setting for salad and hot food bar from the front entrance, customers must go through at least two surveillance cameras to reach the salad bar area: one camera installed at the front door, another one installed at coffee and frozen dessert bar. On 12/03/2018, plaintiff arrived at Whole Foods Market at Brookhaven Village after 2:00PM EST, and the usual lunch crowds have disappeared. When plaintiff walked through the front entrance and passed through the coffee and frozen dessert bar area before reaching to the salad bar, a size of melted sticky liquid as large as 8-12 inches in diameter stained on the cement floor. As plaintiff walked in one foot after another step by step, she had no chance to avoid the right leg in that step not stepping on the melted sticky liquid puddles close to the cooler, because the width between the left side of

frozen dessert cooler to the right side of Holiday merchandize display narrowed the walking path. Underneath plaintiff's right shoe traction, it was a cluster of melted berries which have given out her right side of body fast forward and lost balance. In the middle of slip-and-fall, plaintiff immediately put both arms fast forward by bending her head and neck, spinal cord and upper body onto the floor to support her body. Now, plaintiff sustained various medical issues and cannot stand longer than a few minutes without excruciating pain. The hip bone and lower joint area and nerves are making painful and abnormal noises with frequent clicking sound each and every time when body moves. Plaintiff had no personal knowledge who dropped the frozen dessert and whether that person had notified the cashier who stood behind the cooler. The cashier could have seen it from the counter behind the cooler. Other employees walked by could have seen it. But, from the size of melted puddle and cluster of melted berries in the radius of 8-12 inches to the sticky and slippery perilous condition, it estimated time from dropping to melting on the floor is about 1-2 hours. Two surveillance cameras should have captured the digital images by given the store notice and constructive knowledge that the perilous condition if not cleaned thoroughly and immediately, it would definitely be perilous to any customer who walks through the path to-and-from the salad and hot food bar. Specifically the second surveillance camera was right above the coffee/cold dessert bar. When plaintiff notify the cashier by the cooler, she told plaintiff that the Green Team would have to clean them. The perilous condition on the floor for hours waited to be cleaned by Green team after the victim of slip-and-fall notified the cashier by the cooler constituted prima facie negligence of the store given the length of time from dropping and melting and easy identification of the perilous condition by cashier

and surveillance camera. Had cashier or any employee who surveilled the store, they should have discovered it sooner enough to prevent any customer's slip-and-fall. In light of store superior knowledge and duty owed to the patrons, plaintiff proceeded to the store customer service and asked for the manager who came out to document the slip-and-fall incident and instructed plaintiff to file claim with Austin Texas headquarter customer service department. To the trier of fact in discovery and determination of damages, one has to consider the subject matter in totality of all "relevant and material" facts. Exclusion and/or elimination of any "material and relevant" facts, even if it is innocence of medical sciences, it would have aborted justice to all parties.

5.   The ongoing pandemic of COVID-19 is a federal subject matter, although States may take different approach on management based upon the facts of density of local population and pre-existing conditions and diseased stages. The poisoning has given plaintiff pre-existing medical conditions which were extremely vulnerable to COVID-19. Medical technology has no effective and efficient detoxification of mineral based fuel additives injuries such as Manganese and free radicals of Nitric Oxide and Superoxides and Peroxynitrite which kill and cripple every single cells having prothetic irons. In this Dire Straits, without new injuries sustained at Whole Foods Market, plaintiff has been diligently to detox and de-swell the brain by herself when the known hospital remedy is comfort care. Discovery new injuries on the bones and joints, nerves and tendons and soft tissues, it requires high resolution MRI imaging study with application of new doses of Manganese agents to be injected through vein to the brain. A previous MRI imaging study on the poisoned brain by applying Manganese contrast agents has nearly killed plaintiff.

6. The second issue is the citizens of different States. Between Whole Foods Market and plaintiff, they are citizens of different States. Whole Foods Market, Inc. was incorporated and headquartered in Austin, Texas (SEC filings 2017). Whole Foods Market was acquired by Amazon.com in 08/28/2017 and still remain as subsidiary of Amazon.com (Amazon SEC filing disclosure).

7. The third issue is the threshold of $75,000 for damages amount. Plaintiff was registered to practice patent law with United States Patent and Trademark office and bore registration number 52,445. Plaintiff was learned and trained in medical sciences in Oncology since 1988. The market rate of plaintiff's personal and professional background with loss of one year earning in that profession would have incurred economic loss about $200K, excluding all other categorical damages recoverable by the Rule of Law. Therefore, the economic damages amount alone exceeds the threshold of $75,000 in diversity case pursuant to 28 U.S.C. § 1332 in absence of consideration of 28 U.S.C. §§1331 for legal questions.

8. In light of United States Constitution Article III Section II and pursuant to 28 U.S.C. §§1331 & 1332 & 1391, Federal court is the correct subject matter jurisdiction for this subject matter in the issues of both liability and damages.

DATED: 11/24/2020
Macon, GA 31220

Theodore George Smith
Rep. Aug. 10th, 2020
Bibb County, GA

TSH
11/24/2020

Respectfully Submitted,

By: _____
Ann Zhai, Plaintiff
1090 King Arthur Drive
Macon, GA 31220
(This is a temporary address)
201-787-8788 (mobile)

## AFFIDAVIT OF FILINGS AND SERVICES

Ann Zhai, plaintiff, duly sworn, state, and affirm under the penalty of perjury of United States law, I filed this writing in compliance with Order to Show Cause for Federal Subject Matter Jurisdiction. Along with this writing, I also attached following documents:

1. in re Ethyl Corporation's liability...;

2. in re Ethyl Corporation's liability supplement...;

3. Whole Foods Market SEC filings 2017 front page;

4. Whole Foods Market and Amazon joint statement on acquisition of Whole Foods Market 8/28/2017;

5. Court custom form for application of waiver for filing fees and court costs and my own affidavit in support of waiver of filing fees and court costs;

6. This verified complaint total six pages.

I personally deposit above four items in a priority mail envelop and I obtained tracking receipt at USPS.

DATED: 11/24/2020
Macon, GA 31220

Theodore George Smith

Exp. Aug. 10th, 2024
Bibb County, GA

Respectfully Submitted,

By: _____
Ann Zhai, Plaintiff
1090 King Arthur Drive
Macon, GA 31220
(This is a temporary address)
201-787-8788 (mobile)

TSHG
11/24/2020