UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **ANN ZHAI,** *Plaintiff* | § § § | |
| **v.** | § § | CASE NO. 1:20-CV-1179-RP-SH |
| **WHOLE FOODS MARKET, INC.,** *Defendant* | § § § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

The undersigned Magistrate Judge submits this Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I.   Background

On November 20, 2020, Plaintiff Ann Zhai filed a Motion to Proceed *In Forma Pauperis* seeking leave to file her slip-and-fall lawsuit against Whole Foods Market, Inc., without having to pay the filing fee. Dkt. 2. On December 15, 2020, the Court denied the Motion without prejudice because it contained numerous inconsistencies. Dkt. 4. In that Order, the Court informed Plaintiff that if she sought to pursue her claims "she must, by **December 30, 2020**, either submit a properly completed amended Application to Proceed in District Court Without Prepaying Fees or Costs, explaining or correcting the items referenced above, or pay the $400 filing fee in full." *Id.* at 2. The Court also warned Plaintiff that failure to comply with the Court's Order by the deadline would result in the Court recommending that her case be dismissed. *Id*. Plaintiff failed to timely comply with the Court's Order.

1

A district court may dismiss an action *sua sponte* for failure to prosecute or to comply with any order of court under Federal Rule of Civil Procedure 41(b). *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). Because Plaintiff failed to abide by a Court Order and to prosecute her case, the undersigned recommends that this lawsuit be dismissed.[1]

## II. Recommendation

The undersigned **RECOMMENDS** that the District Court **DISMISS** Ann Zhai's lawsuit without prejudice, pursuant to Rule 41(b).

## III. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on January 4, 2021.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff, proceeding *in forma pauperis*, has filed multiple lawsuits dismissed as frivolous or for failure to prosecute in districts outside the Fifth Circuit. Litigating *in forma pauperis* is a privilege, and abuse of that privilege can result in the Court barring an individual from proceeding *in forma pauperis* in future cases.